UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

JEFFREY W. BERGER and TAMI M. BERGER,

Debtor.

Case No. **18-60032-11**

**ORDER**

At Butte in said District this 5th day of February, 2018.

In this Chapter 11 bankruptcy case, Bank of Colorado (the "Bank") filed with the Court its Response to Motion to Extend the Automatic Stay to Non Debtors, or in the alternative, to Enjoin Further Proceedings against Non-Debtors (ECF No. 42) (the "Response"). The Response is accompanied by a singular "Exhibit A" that includes a 77 page Amended Complaint filed by the Bank in the United States District Court of Colorado (the "Amended Complaint"). The Amended Complaint includes numerous exhibits which appear in the aggregate to total in excess of 4,000 pages. This submission was divided into 22 separate parts and filed at ECF Nos. 42 (2146 pages), 43 (592 pages), 44 (844 pages), and 45 (697 pages). The first submission at ECF No 42, includes an Exhibit 1 that is further comprised of 91 separate exhibits labeled 1.1 through 1.91, followed by Exhibit 2 and so forth. Filing exhibits in this manner is inconsistent with local practice and applicable local rules.

Effective December 1, 2017, this Court adopted amendments to local rules.[1] The following rules are applicable and absent leave of Court, or extraordinary circumstances, parties

---

[1] http://www.mtb.uscourts.gov/rules

1

should endeavor to comply with the rules:

> All exhibits shall be filed with the pleading or proof of claim to which they belong. Each exhibit shall be filed as a separate .pdf document; or as a single .pdf document, with each exhibit bookmarked and identified therein. Entities filing exhibits not prepared in electronically produced text shall scan and electronically file only excerpts of the documents that are directly germane to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such, and the complete exhibit must be made available forthwith to the attorneys and the Court on request. Entities filing excerpts do so without prejudice to their right to file by electronically scanning additional excerpts or the complete document with the Court. Responding entities may file by electronically scanning additional germane excerpts. Oversized and voluminous attachments will not be filed and will be returned by the Clerk. Filing attachments by other than electronic means is not encouraged, but may be permitted at the discretion of the Court.

Mont. LBR 5003-2. The Committee Note explains:

> Each exhibit must be filed separately or book marked separately, so that the Court and other parties may easily retrieve each individual exhibit from the electronic filing. Transcripts from Rule 2004 examinations or § 341 creditor meetings that are to be used for impeachment purposes do not need to be filed with the Court. Such transcripts only need to be filed with the Court if they will be used for evidentiary purposes.

*Id*. If parties intend to rely on any exhibit to a pleading, or expect the Court to review any exhibit to a pleading, exhibits should be filed in conformity with Mont. LBR 5003-2.

Although not presently an issue, for the benefit of counsel, the Court will highlight other applicable local rules that will insure exhibit lists are filed properly and hearings are conducted efficiently.

> (c) Exchange of Exhibit and Witness Lists. The parties involved in video and in-person conferences and hearings shall exchange proposed witness and exhibit lists and copies of all proposed exhibits, and file such lists and exhibits with the Court, at least three (3) business days prior to a hearing or trial.[2]
>
>> (1) Witness and exhibit lists may be combined into one document. Copies of all proposed exhibits shall be attached to such list, and each individual exhibit must be electronically filed as a separate .pdf document; or as a single .pdf document, with each exhibit book marked and identified therein. The location of any witness appearing remotely shall be disclosed in the witness list so counsel can coordinate exhibits necessary for that witness.

---

[2] There may be circumstances under which this period is shortened or lengthened by order in a specific matter.

    (2) The moving party in a contested matter and the plaintiff in an adversary proceeding shall identify exhibits in numerical sequence commencing with the number 1. The responding party in a contested matter and the defendant in an adversary proceeding shall identify exhibits in alphabetical sequence. If multiple parties are involved, the parties prior to hearing or trial shall determine an identification sequence that eliminates any duplicative sequence.

    (3) Failure to timely exchange and file proposed witness and exhibit lists and copies of proposed exhibits in accordance with this rule may result in the Court barring any undisclosed witness testimony and denying the admission of any exhibit not disclosed or exchanged.

    (4) Except as otherwise may be allowed by the Court, all exhibits shall be electronically filed.

    (5) For purposes of any hearing or trial, counsel for the proponent of the exhibit shall be responsible for ensuring that sufficient copies of any exhibit that may be utilized are available for any witness in the courtroom.

Mont. LBR 5074-1. And, finally, to the extent there are circumstances in which a party files voluminous exhibits, and by agreement all or a significant portion of the exhibits are admitted without objection, the party submitting the voluminous exhibits must direct the Court either through its presentation at the hearing, or in briefing to the specific exhibit and any particular page that it is relying on in its argument, or otherwise. Absent doing so, the Court will not undertake an independent review of voluminous submissions and attempt to divine the significance of any individual exhibit buried therein. With the forgoing as context for the benefit of the parties,

    **IT IS ORDERED** that should the Bank intend, or more importantly wants the Court to consider any specific documents included within the 4000 pages at ECF Nos. 42-44, it must devise a filing methodology (bookmarks or individual PDFs) that complies with the applicable

3

local rules and it is granted leave to refile the exhibits to the Response in compliance with Mont. LBR 5003-2[3].

BY THE COURT:

_____
Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana

---

[3] Alternatively, if the singular purpose of the filing was to inform the Court that there is pending litigation in the United States District Court of Colorado relevant to Debtors' Motion to Extend the Stay, the Court has reviewed the allegations in the Amended Complaint.